ERIE RAILROAD COMPANY, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS AND RINGWOOD COMPANY, DEFENDANTS.

Argued June 7, 1923—Decided October 22, 1923.

**Rate by Public Utility—Charges for Switching Cars at Mines.**

On *certiorari.*

Before Justices TRENCHARD, PARKER and BERGEN.

For the prosecutor, *Collins & Corbin.*

For the public utility commissioners, *Thomas Brown.*

For the Ringwood Company, *Homan & Buchanan.*

PER CURIAM.

The board of public utility commissioners after the notice and hearing fixed a rate to be charged by the Erie Railroad Company for certain switching operations on a piece of track between two mines of the Ringwood Company in this state, and fixed a charge of $4.50 a car per trip, being about nine cents per ton, whereas the railroad company claims that it should be $9.50 a car or nineteen cents a ton. The matter was fully argued and we have examined the testimony and considered the case and briefs fully. The circumstances are peculiar in that the service performed, for which a rate was fixed, is intimately connected with other service of the same engine, cars and train crew, with respect to which no dispute seems to exist.

The reasons filed in the case amount to these: *First,* that the board refused to consider certain evidence about the cost involved in placing of cars at the mine known as the Cannon mine, and *secondly,* that the board, after admitting a piece of documentary evidence restricted to a limited purpose, afterwards made use of it generally in fixing its rate. As to the first reason we agree with the finding of the board because, substantially, the cost of placing the cars at the Cannon mine was included in another rate, and therefore should not be assessed twice. As to the use of the exhibit in question the claim seems to be that because the board, after restricting its evidential effect when admitting it, acted arbitrarily in afterwards considering it generally; but in our judgment this worked no substantial harm to the railroad company. The board was entitled to consider the Mountain View rate as evidential on the general subject, and it is not to be assumed that it was considered as in any way controlling. The matter seems to have been fully presented and carefully considered, and we do not think that the action of the board should be reversed for a reason which to us, at least, appears to be rather technical and without substantial merit. The order will accordingly be affirmed, with costs.